[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on July 18, 1981 at Wilton, Connecticut. The defendant has resided continuously in this state since that time. There are two minor children issue of the marriage, Lauren born January 9, 1983 and Lindsay born September 2, 1985.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in 46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow. CT Page 507
The parties have been married for approximately 9 years. The wife is aged 42 and in good health.
The wife has not been gainfully employed outside the home since the birth of their first child in January 1983. She was earning approximately $25,000 at that time. The defendant assumed the role of homemaker, raising their two children and in addition, providing some assistance to the plaintiff's children from a prior marriage.
The husband was formerly a Vice President of the Burndy Corporation. In 1988 his gross income was $286,917. In 1989, his adjusted gross income was $1,265,000 according to the husband's testimony. In January 1989, a French Corporation acquired Burndy Corporation and in July 1989 the husband was terminated from Burndy Corporation. In April 1990 the husband took on employment with a Finnish company. His financial affidavit indicates his earned income with this company is $47,850 per year. In addition, the plaintiff earns $1,200 a year in lecture fees. The court notes that the plaintiff husband's financial affidavit was not in the appropriate form as required by our rules and was very difficult to follow.
In February 1990, while this dissolution case was pending, the plaintiff husband used marital assets to purchase a condo in Finland at a cost of $450,000. There is no mortgage on this condo. In addition, the plaintiff testified he spent approximately $12,000 for furniture for this condo and purchased a Saab motor vehicle for $25,000. The husband indicated he plans to continue to live overseas in Finland and does not plan to look for a more lucrative position. The plaintiff is aged 50 and in good health.
Sometime prior to January 1989, the plaintiff became involved with a Finnish lady. During the course of 1989 he made several nonbusiness trips to Finland giving his wife false itineraries.
The plaintiff would have the court believe that the defendant's attitude towards the two children of his first marriage was the cause of the breakdown of the marital relationship. The court found the testimony of the defendant to be more credible. Unfortunately, the parties were unable to resolve their marital difficulties. The evidence presented indicates that the greater fault for the cause of the break down must be attributed to the plaintiff.
The combined total assets of the parties total approximately $1,586,623. In addition, the husband has a vested CT Page 508 pension plan with a present value of approximately $182,476. Provided the plaintiff lives to age 65, it will provide the plaintiff with an income stream of approximately $3,000 per month if he survives to retirement. This pension was omitted from the plaintiff's financial affidavit. No evidence was presented concerning any pension of the defendant. The parties greed as to the Wilton property having a fair market value of $590,000 — less the outstanding mortgage of $110,000. The plaintiff lists liabilities of approximately $2,000 in his financial affidavit excluding the Wilton mortgage. The plaintiff also claims a federal tax liability and a possible obligation to repay Merrill Lynch. He also claims certain benefits are due him from Burndy.
The defendant shows a liability of $1,055 — excluding attorney's fees
The following orders shall enter.
A. Real Estate
1. The husband shall quitclaim his interest in and to the real estate located at 20 Rossiman Court, Wilton, Connecticut to the wife forthwith subject to the outstanding mortgage which the wife shall assume and hold the husband harmless therefrom.
2. The condominium in Finland shall remain the sole property of the plaintiff husband.
B. Property Settlement
1. As an assignment of property the plaintiff husband shall pay to the defendant wife, the sum of $175,000 within 30 days of date.
2. The amount frozen by Credit Suisse is ordered released so that the transfer of this amount of $175,000 to the wife can be accomplished.
C. Other Property
1. The wife shall be entitled to the following assets:
 a. her IRA; b. her 1 Municipal Bond; c. her CMA account; d. the 1985 Olds Station Wagon.
2. The defendant shall be entitled to the following assets: CT Page 509
 a. his retirement and pension accounts; b. his Saab motor vehicle, c. the balance of the liquid assets as itemized on his financial affidavit; d. the various checking and savings accounts standing in his name.
D. Personal Property
1. The plaintiff and defendant shall divide the jointly owned household furniture as they shall agree. If the parties are unable to agree, they shall consult with the Family Services Unit for mediation. Of this fails, the court shall enter appropriate orders after holding a hearing on this matter.
E. Debts
1. Each party shall be solely responsible for the debts and liabilities as shown on their respective financial affidavits unless otherwise disposed of herein.
2. The plaintiff shall pay the following bills within 30 days of date: awning installation — $120.00; Terminex bill of $106.92; Jacuzzi repairs — $100.00; one-half (1/2) the phone bill $65. The remaining bills shall be paid by the defendant wife.
F. Alimony
1. The plaintiff shall pay to the defendant wife during his lifetime, the sum of $1.00 per year as alimony for a period of 7 years from date or until the remarriage or cohabitation by the defendant whichever event shall first occur. The court finds that the plaintiff has a proven earning capacity far above his current deflated income.
2. The plaintiff shall provide the defendant with copies of his tax returns commencing with the year 1990 and annually thereafter for so long as the plaintiff has alimony and/or child I support obligations to the defendant. Said returns shall be i provided to the defendant by the plaintiff within 30 days after the filing by the plaintiff.
G. Custody and Visitation
1. Both parties appear to be capable and caring parents. In weighing the pros and cons as to sole custody vs joint custody, the court has concluded that it would be in the best interest of the minor children for the defendant to be awarded CT Page 510 sole custody and it is so ordered. The court has taken into consideration the husband's relocation to Finland as well as the parties inability to agree even as to telephone calls.
2. The plaintiff father shall be consulted with respect to educational decisions and medical decisions of a non-emergency nature.
3. The plaintiff father shall have access to all school and medical records of the children.
4. The defendant mother shall permit the father to have frequent and reasonable telephone access to the minor children.
5. The plaintiff father shall have reasonable and liberal rights of visitation to include the following:
(a) Alternate February and April (spring) school vacation; (b) two weekends per month from Friday at 4:00 p. m. to Sunday at 7:00 p. m. on reasonable notice to the defendant; (c) alternate Thanksgiving holiday, (d) alternate Christmas Eve and Christmas day; (e) One-half of the Christmas break from school; (f) visitation by the plaintiff shall be limited to the continental United States until the youngest child reaches the age of 10 years unless the parties agree otherwise; (g) four weeks in the summer; (h) such other times as the parties shall mutually agree, keeping in mind the plaintiff's travel schedule; (i) The plaintiff father shall give the defendant a telephone number and address when he has the children for visitation. He shall also furnish her with his telephone number and address in Finland so he can be reached in the event of an emergency; (j) the plaintiff husband shall be responsible for any cost of transportation in connection with the visitation.
H. Child Support
The husband shall pay to the wife as child support the sum of $750 per month per child until each child reaches the age of 18, becomes emancipated or dies whichever event shall first occur.
2. The husband shall provide medical/hospital insurance coverage for the benefit of the minor children. Any unreimbursed medical/hospital expense shall be paid 2/3's by the husband and 1/3 by the wife.
3. Any unpaid medical and pharmaceutical bills for the CT Page 511 children incurred as of July 25, 1990 shall be the sole responsibility of the plaintiff husband.
I. Life Insurance
The plaintiff shall provide and maintain $150,000 in life insurance for the benefit of each minor child for so long as the plaintiff has child support obligations.
J. Counsel Fees
No counsel fees are awarded.
COPPETO, J.